IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| DEANGELO C. TAYLOR, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| VS. | ) No. 16-2515-JDT-tmp |
| | ) |
| JONATHAN LEBO, | ) |
| | ) |
| Defendant. | ) |
| | ) |

ORDER DIRECTING PLAINTIFF TO COMPLY WITH
28 U.S.C. § 1915(a)(1)-(2) OR PAY $400 CIVIL FILING FEE

On June 24, 2016, Plaintiff Deangelo C. Taylor, Tennessee Department of Correction prisoner number 533042, who is incarcerated at the West Tennessee State Penitentiary in Henning, Tennessee, filed a *pro se* civil complaint accompanied by a form motion to proceed *in forma pauperis* that is completely blank and unsigned. (ECF Nos. 1 & 2.) Plaintiff included a letter stating that he is having problems "getting his inmate trust funds" (ECF No. 2-1) but that he will "happily pay the $400 dollar fileing [sic] fee" (*id.*).

Under the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(a)-(b), a prisoner bringing a civil action must pay the filing fee required by 28 U.S.C. § 1914(a).[1] Although the

---

[1] Twenty-eight U.S.C. § 1914(a) requires a civil filing fee of $350. However, pursuant to § 1914(b), "[t]he clerk shall collect from the parties such additional fees . . . as are prescribed by the Judicial Conference of the United States." The Judicial Conference has prescribed an additional administrative fee of $50 for filing any civil case, except for cases seeking habeas corpus and cases in which the plaintiff is granted leave to proceed *in forma pauperis* under 28 U.S.C. § 1915. Thus, if Plaintiff is granted leave to proceed *in forma pauperis*, he will not be liable for the additional $50 fee.

obligation to pay the fee accrues at the moment the case is filed, *see McGore v. Wrigglesworth*, 114 F.3d 601, 605 (6th Cir. 1997), *partially overruled on other grounds by LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013), the PLRA provides the prisoner the opportunity to make a "down payment" of a partial filing fee and pay the remainder in installments. *Id.* at 604. However, in order to take advantage of the installment procedures, the prisoner must complete and submit to the district court, along with the complaint, an *in forma pauperis* affidavit and a certified copy of his inmate trust account statement for the last six months. 28 U.S.C. § 1915(a)(2). In this case, Plaintiff has failed to submit either the full $400 filing fee or a properly completed *in forma pauperis* affidavit with a copy of his trust account statement.

Therefore, Plaintiff is ORDERED to submit, within 30 days after the date of this order, either the entire $400 civil filing fee or a properly completed and executed application to proceed *in forma pauperis* and a certified copy of his inmate trust account statement for the last six months. The Clerk is directed to mail Plaintiff a copy of the prisoner *in forma pauperis* affidavit form along with this order.[2] If Plaintiff needs additional time to submit the necessary documents, he may, within 30 days after the date of this order, file a motion for an extension of time.

If Plaintiff timely submits the necessary documents and the Court finds that he is indeed indigent, the Court will grant leave to proceed *in forma pauperis* and assess only a $350 filing fee in accordance with the installment procedures of 28 U.S.C. § 1915(b). However, if Plaintiff fails to comply with this order in a timely manner the Court will deny leave to proceed *in forma pauperis*,

---

[2] If Plaintiff is still unable to obtain his trust account statement from prison officials within the time specified, he should notify the Court. However, Plaintiff *must* submit a completed and signed *in forma pauperis* affidavit even if he cannot obtain his trust account statement.

assess the entire $400 filing fee from his inmate trust account without regard to the installment payment procedures, and dismiss the action without further notice for failure to prosecute, pursuant to Fed. R. Civ. P. 41(b). *McGore*, 114 F.3d at 605.[3]

IT IS SO ORDERED.

    s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE

---

[3] Even a voluntary dismissal by Plaintiff will not eliminate the obligation to pay the filing fee. *McGore*, 114 F.3d at 607; *see also In re Alea*, 286 F.3d 378, 381 (6th Cir. 2002).